UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| KAMLESH BANGA, | No. C 10-00975 SBA (LB) |
| Plaintiff, | **REPORT AND RECOMMENDATION REGARDING DEFENDANT'S RULE 41(d) MOTION FOR COSTS AND ATTORNEY'S FEES** |
| v. | |
| FIRST USA, N.A. & CHASE BANK USA, N.A., | |
| Defendants. | **[ECF No. 31]** |

## I. INTRODUCTION

This case is one of two cases involving Plaintiff Kamlesh Banga and Defendant Chase Bank. The first case is *Banga v. Experian Information Systems and Chase Bank (erroneously sued herein as First USA)* (*"Banga I"*), No. C 08 4147 SBA, which makes this case *Banga II*. Plaintiff dismissed her claims against Chase Bank in *Banga I* but thereafter filed the same claims and new claims in *Banga II* in the Eastern District of California. *See* ECF 4. *Banga II* was transferred here because it contained the same dismissed claims in *Banga I*. ECF 23 at 3-5.

Chase Bank asks for (A) its costs and attorney's fees in *Banga I* and (B) a stay of *Banga II* until Plaintiff pays the costs and fees. ECF No. 31.[1] Under Federal Rule of Civil Procedure 41(d), when a plaintiff files a new case with the same claims against the same defendant that the plaintiff dismissed in a previous case, a court may – in its discretion – order a plaintiff to pay all or part of a

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

defendant's costs in the prior proceeding and to stay the current case until the costs are paid.

This court recommends to the district court that it award costs of $1,247.84 under Rule 41(d) and stay the action until Plaintiff pays the costs. Under the plain language of Rule 41(d), only costs may be awarded, and not attorney's fees.

## II.  FACTS

**A. The Complaints In *Banga I* and *Banga II* Involve Identical Allegations About First USA**

The complaints in *Banga I* and *Banga II* both allege that First USA violated the Fair Credit Reporting Act by obtaining Plaintiff's credit reports from Experian for "account review purposes" on First USA credit card accounts that she had already closed. *Banga I* First Amended Complaint, ECF No. 31-3 at 5, ¶¶ 19-21; *Banga II* First Amended Complaint, ECF No. 4 at 3-5, ¶¶ 11-28. *Banga I* was filed in the Northern District of California, and *Banga II* was filed in the Eastern District of California. The complaint in *Banga II* alleges that First USA accessed her information improperly on 17 different dates, including October 3, 2005, November 20, 2006, and January 8, 2008. ECF No. 4, ¶¶ 11-13. The complaint in *Banga I* alleges that First USA accessed her information improperly on three dates only: October 3, 2005, November 20, 2006, and January 8, 2008. ECF No. 31-3 at 5, ¶¶ 19-21. The allegations about the three dates are identical in the two complaints:

| Case | ¶ | Alleged Access | Full Text of Paragraph in Complaint |
|---|---|---|---|
| *Banga I* | 19 | 10/3/05 | When First USA requested and obtained a consumer report on Ms. Banga on or about October 3, 2005, it represented to Experian that the request was for "account review" purposes. As of October 3, 2005, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed. |
| | 20 | 11/20/06 | When First USA requested and obtained a consumer report on Ms. Banga on or about November 30, 2006, it represented to Experian that the request was for "account review" purposes. As of November 30, 2006, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed. |
| | 21 | 1/6/08 | When First USA requested and obtained a consumer report on Ms. Banga on or about January 6, 2008, it represented to Experian that the request was for "account review" purposes. As of January 6, 2008, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed. |

| Case | ¶ | Alleged Access | Full Text of Paragraph in Complaint |
|---|---|---|---|
| *Banga II* | 11 | 10/3/05 | When First USA requested and obtained a consumer report on Ms. Banga on or about October 3, 2005, it represented to Experian that the request was for "account review" purposes. As of November 30, 2006, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed. |
| | 12 | 11/20/06 | When First USA requested and obtained a consumer report on Ms. Banga on or about November 30, 2006, it represented to Experian that the request was for "account review" purposes. As of October 3, 2005, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed. |
| | 13 | 1/6/08 | When First USA requested and obtained a consumer report on Ms. Banga on or about January 6, 2008, it represented to Experian that the request was for "account review" purposes. As of January 6, 2008, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed. |

The complaint in *Banga I* also alleged an additional improper access of information on July 7, 2007, by Chase Bank *qua* Chase Bank (as opposed to Chase as successor to First USA). ECF No. 31-3 at 7, ¶ 33.

**B. Chase Bank is First USA's Successor In Interest**

For the specific allegations as to First USA, the *Banga I* complaint named First USA as the defendant. ECF No. 31-3 at 2. Chase Bank answered the complaint as First USA's successor-in-interest, noting that it had been erroneously sued as First USA. ECF No. 31-3 at 19. Subsequent filings identified Chase as "erroneously sued as First USA, N.A." *See* Order, ECF No. 31-3 at 35 (making this point).

The *Banga II* complaint reiterates the same three and additional allegations of improper access by First USA but names as defendants "First USA, N.A. & Chase Bank USA, N.A." ECF No. 4 at 1.

**C. Time line: the Dismissal of *Banga I* as to Chase Bank and the Filing of *Banga II***

On June 30, 2009, Plaintiff dismissed her claim against Chase Bank in a document titled "Plaintiff's Motion to Withdraw Her Claim Against Chase For Damages Resulted From Credit Denials and Account Reviews Alleged in the First Amended Complaint:"

> Plaintiff Kamlesh Banga hereby withdraws her claim against CHASE for damages resulted from credit denials and all damages in any way related to account review and procurement of credit reports alleged in the First Amended Complaint",

ECF No. 31-3 at 30. The contemporaneous docket sheet shows that a dismissal as to Chase Bank was entered that same day. *Banga I* ECF No. 119, Exh. A.

The June 30 dismissal was 13 days after Magistrate Judge Chen granted Chase Bank's motion to compel, ordered Ms. Banga to provide credit card account information to Chase Bank by July 8, 2009, and warned her that her continued failure to comply with document requests likely would result in sanctions against her. *See* Judge Chen's Order in *Banga I*, ECF No. 98. Judge Chen's order reflects that Chase Bank was sued erroneously, and Chase Bank's motion to compel also shows that Chase's document production was about its defense to the allegations about First USA. *See id.*; Motion to Compel in *Banga I*, ECF No. 43.

The litigation history in *Banga I* shows that this was not the only time Ms. Banga dismissed claims after a discovery dispute was resolved against her. On June 10, 2009, Judge Chen ordered her husband's deposition, which was relevant only to Ms. Banga's emotional distress claim. One day later, Ms. Banga dismissed her claim for emotional distress. *Banga I* ECF Nos. 94, 95.

Several other events happened after the June 30, 2009 dismissal and before the August 17, 2009 filing of the complaint in *Banga II*.

First, on June 30, 2009, counsel for Chase Bank emailed Ms. Banga, acknowledging receipt of the dismissal, and stating, "I take this to mean that you are completely dismissing your action <u>as to Chase</u>. If this is not correct, please advise me immediately." ECF No. 44 at 24. Ms. Banga emailed back on July 1, 2009, stating, "That is incorrect. Experian's internal review documents demonstrate that the account reviews have been conducted separately on the First USA, NA and Chase accounts. Therefore, I filed the Motion to Withdraw that solely applies to those account reviews which have been conducted by Chase and for Chase Accounts." ECF No. 44 at 26. On July 8, 2009, Ms. Banga filed a document titled "Plaintiff's Amended Motion to Partial Withdrawal of Her Claim Against Chase:"

> Plaintiff Kamlesh Banga hereby partially withdraws her claim against CHASE for damages resulted from credit denials related to Chase's own account review and procurement of her credit reports alleged in the First Amended Complaint. This partial withdrawal of claims against Chase does not affect in any way plaintiff's claims asserted against THE FIRST USA, NA related to its

REPORT AND RECOMMENDATION (C 10-00975 SBA (LB))
4

account review and procurement of her credit reports.

ECF No. 31-3 at 32. Chase opposed the motion, *Banga I* ECF No. 117, and on July 16, 2009, the district court agreed that Plaintiff had already voluntarily dismissed Chase, First USA was not and could not be a party, and only Chase Bank could be a party as the successor-in-interest to First USA Bank. *See* ECF No. 31-3 at 35.

Roughly a month later, on August 17, 2009, Plaintiff filed the complaint in *Banga II* in the Eastern District of California. ECF No. 1. Subsequently, the case was transferred here on the ground that the claims against Chase are "exactly the same as the claims in the Northern District [in *Banga I*], but plaintiff has added several additional dates of alleged account reviews." ECF No. 23 at 4-5; *see* ECF No. 4 (*Banga II* complaint alleges 17 different dates, three of which are identical to the dates in the *Banga I* complaint). The Eastern District court also observed that Ms. Banga's forum shopping should not be tolerated. ECF No. 23 at 4. The court denied Chase Bank's Rule 41(d) motion for fees and costs without prejudice to raising them in this district. *Id.* at 6.

One other fact is relevant to the discretionary determination about whether to impose costs. Following transfer of the case back here, Chase Bank answered the first amended complaint. ECF No. 28. Thereafter, plaintiff filed a "second amended complaint" deleting the three overlapping dates reflected in the chart of the complaints. ECF No. 33. Plaintiff did not seek Chase Bank's permission or leave of the district court, so the operative complaint remains the first amended complaint. ECF No. 4.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) provides that the court may order a plaintiff to pay costs of a previously-dismissed action if the new action is based on or has the same claim against the same defendant. *See Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1296 (9th Cir. 1983). The rule reads as follows:

> **(d) Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> **(1)** may order the plaintiff to pay all or part of the costs of that previous action.
> **(2)** may stay the proceedings until plaintiff has complied.

REPORT AND RECOMMENDATION (C 10-00975 SBA (LB))
5

Fed. R. Civ. P. 41(d). Rule 41(d)'s purpose is to "serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992).[2]

## IV.  DISCUSSION

The court recommends awarding $1,247.84 in costs for the following reasons: (A) Plaintiff filed a new action in *Banga II* based on and including claims in *Banga I*; and (B) the forum shopping here makes costs appropriate. Under the plain language of Rule 41(d), however, only costs may be awarded, not attorney's fees.

### A.  The Complaint in *Banga II* Includes Claims in *Banga I*

Here, as the chart in the Facts section shows, Plaintiff filed a new action based on or including the same claim against the same defendant. Ms. Banga acknowledges that the complaints in *Banga I* and *Banga II* are more or less the same. Opposition, ECF No. 43 at 6. Under the plain language of Rule 41(d), the court may grant costs and stay the action. *See Hacopian,* 709 F.2d at 1296.

### B.  The Forum Shopping Here Makes Costs Appropriate

Under Rule 41(d), the court "may" award costs, which means awarding costs is in the court's discretion. Ms. Banga asserts that costs are not appropriate because she meant to withdraw only one claim against Chase Bank, not the three claims regarding the First USA accounts. ECF No. 43 at 5.

The *Banga I* and *Banga II* complaints both have allegations about First USA Bank on October 3, 2005, November 20, 2006, and January 8, 2008. *Banga II* complaint, ECF No. 4 at 3 ¶¶ 11-13; *Banga I* complaint, ECF No. 4 at 4, ¶¶ 19-21. Ms. Banga says she did not mean to withdraw those claims but instead meant to withdraw only a single claim involving different conduct by Chase Bank on July 7, 2007. Opposition, ECF No. 43 at 5; *Banga I* complaint, ECF No. 31-3 at 7, ¶ 33. She asserts that her confusion is shown by her emails with Chase Bank after her dismissal of the complaint. On June 30, 2009, the same day she filed the dismissal, Chase Bank emailed her that it took her dismissal as a dismissal of all claims against Chase Bank. ECF No. 44 at 24. The next day, Ms. Banga emailed back, saying that was incorrect and that she meant the dismissal to apply only to "those account reviews which have been conducted by Chase and for Chase Accounts." *Id.* at 5-6,

---

[2] There is a dearth of Ninth Circuit precedent analyzing Rule 41(d).

26. She then tried to amend her dismissal, which the district court denied, and only then did she file a new complaint. ECF No. 43 at 6. Ms. Banga acknowledges that the complaints in *Banga I* and *Banga II* are more or less the same but argues that this did not preclude her from re-filing the claims, which she did to prevent her claims from being barred by the statute of limitations. *Id.* at 6.

In the context of this record, it is difficult to conclude that Ms. Banga was confused and accidentally dismissed Chase Bank entirely. As the district court observed in denying Plaintiff's motion to amend her dismissal to retain Chase Bank as a defendant as to the First USA allegations, all of the case filings show that Chase Bank was First USA Bank's successor in interest and that only Chase Bank was a party. ECF 31-3 at 35. Similarly, court proceedings show – without any chance of confusion – that Chase Bank was defending claims about First USA. *See, e.g., Banga I* ECF Nos. 43, 98. The logical reading of this record is that – just as Ms. Banga dismissed her claim of emotional distress to avoid the deposition of her husband – she dismissed her claims against Chase (leaving intact her claims against co-defendant Experian) so that she would not have to provide credit card account information a few days later to Chase Bank. *See* Judge Chen's Order in *Banga I*, ECF No. 98. Judge Chen also warned Ms. Banga that her continued failure to provide documents likely would result in sanctions. *Id.* The motion to compel and Judge Chen's order also make it clear that the document production was relevant to the allegations about First USA. *Id.;* Motion to Compel in *Banga I*, ECF No. 43.

As a review of PACER shows, Ms. Banga is a seasoned litigant. Viewed through the prism of the actual litigation in *Banga I*, the plausible reading of her emails is that she had a change of heart. But even taking her at her word that she was mistaken, her remedy for her mistake was to refile her complaint in the Northern District of California. Had she done that, her argument against costs might be more persuasive. But she did not file here. Instead, she filed in the Eastern District of California, even though her claims for the same conduct remained pending in this district in *Banga I* against Experian. As the court in the Eastern District held when transferring her case here, this "blatant forum shopping" is not appropriate. ECF No. 23 at 4. Ms. Banga might not have liked the rulings in her case, but she chose to file here first, and that means that the correct venue for refiling also was here.

REPORT AND RECOMMENDATION (C 10-00975 SBA (LB))
7

1    As the Eighth Circuit observed, Rule 41(d)'s purpose is to serve as a deterrent to forum shopping
2 and vexatious litigation. *Simeone*, 971 F.2d at 108. Awarding costs under Rule 41(d) is an
3 appropriate sanction here.
4    One issue is whether Plaintiff has the ability to pay costs. Courts have recognized the ability to
5 deny Rule 41(d) costs based on an inability to pay them. *See Zucker v. Katz*, 708 F. Supp. 525, 539
6 (S.D. N.Y. 1989); *see also Bellamy v. Jones*, 600 F. Supp. 150, 152-53 (E.D. Ark. 1985) (refusing to
7 order a stay of proceedings under Rule 41(d) pending the payment of previously-awarded costs that
8 plaintiff was unable to pay). The only evidence in the record of any financial issues is Plaintiff's
9 statement in a filing that she "has made reasonable efforts to retain an attorney but due to limited
10 financial resources she is unable to retain the attorney." ECF No. 36 at 1. Otherwise, she paid her
11 filing fees not just in these two cases, but also in numerous other cases that she filed in the Northern
12 District and that can be viewed in a search of PACER. Also, in *Banga I*, the court awarded costs to
13 the prevailing defendants following summary judgment. *Banga I* ECF Nos. 315, 316. At the
14 hearing, Ms. Banga said that she had a job as a legal secretary. In a supplemental declaration filed
15 December 6, 2010, Ms. Banga said that she had been ill, but that she returned to work in November,
16 had worked 68 hours, and received a check of $833.71. Declaration at 2, ¶ 3. Her total (presumably
17 monthly) household income is $1,933.71, *see id.* at ¶ 7, and presumably will be higher given that she
18 worked only a partial month in November. These financial circumstances show an ability to pay the
19 modest costs contemplated in this recommendation.
20    In sum, the court recommends imposing costs.
21 **C. Under the Plain Language of Rule 41(d), Costs Do Not Include Attorney's Fees**
22    Chase Bank argues that costs should include its attorneys' fees. Under the plain language of
23 Rule 41(d), that argument fails.
24    A court looks to the plain and ordinary meaning of the words in Rule 41(d), which refers only to
25 "costs" and not to "fees." *See Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156
26 (2010) (analyzing plain language of ERISA's general fee-shifting statute). Elsewhere, the rules refer
27 sometimes to costs, and sometimes to fees. *See, e.g.*, Fed. R. Civ. P. 4(d)(2)(B) (expenses including
28 attorney's fees), 11(c)(2) (same), 37(f) (same); Fed. R. Civ. P. 55(b)(1), 65(c), 68(b) ("costs"). Four

UNITED STATES DISTRICT COURT
For the Northern District of California

1  separate rules refer to both "attorney's fees" and "costs."  *See* Fed. R. Civ. P. 16(f), 23(g)(1)(B) and
2  (h), 54(d), 58(e).  For example, Rule 54(d) separates out "costs" and "attorney's fees."  These
3  references show that when Congress wanted to grant attorney's fees, it did so explicitly.  *See*
4  *Simeone v. First Bank Nat'l Assoc.*, 125 F.R.D. 150, 155 (D. Minn. 1989) (collecting cases).  It did
5  not in Rule 41(d), and under the plain language of the rule, Chase Bank should receive only costs
6  and not attorney's fees.  *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874-75 (6th Cir. 2000)
7  (collecting cases).

8  In reaching this conclusion, the court has considered and rejected decisions that conclude that
9  Rule 41(d) costs may include attorney's fees.  *See Esquivel v. Arau*, 913 F. Supp. 1382, 1388-92
10 (C.D. Cal. 1996) (collecting cases).  The plain language of Rule 41(d) controls here.  *See Rogers*,
11 230 F.3d at 874.

12 Even if the court could award fees, under the circumstances (including Ms. Banga's articulated
13 financial situation), costs are a sufficient sanction.

14 **D. The Amount of Costs To Award Here**

15 The parties agree that generally, courts award costs only for work that is not useful in the
16 continuing litigation.  *See Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (voluntary dismissal
17 under Rule 41(a)(2)).

18 Chase Bank's costs in *Banga I* were $3,022.85.  Exh. G to Krog Declaration, ECF No. 31-2 at 6,
19 31-3 at 42-65.  Chase suggests that reducing costs by 50% to $1,511.42 eliminates costs that
20 contribute to the present case.  Krog Declaration, ECF No. 31-2 at 6.

21 The costs in *Banga I* are as follows:  $360.90 for copies, $1,067.39 for Federal Express/Filing
22 Fees, $57.00 for transcripts, $736.90 for video media relating to Plaintiff's deposition, and $800.66
23 in court reporting fees relating to Plaintiff's deposition.  Exh. G to Krog Declaration, ECF No. 31-3
24 at 42-65.  The fees for Federal Express/Filing ($1,067.39) are not useful in the current case.  By
25 contrast, all costs for transcripts and Plaintiff's deposition are useful.  The remaining category is
26 copying costs, and at the hearing, Chase Bank's counsel confirmed that some (again referring to the
27 50% discount) copying costs were attributable to the *Banga I* litigation.  After reviewing the billing
28 statements, the court concludes that Chase Bank's suggested 50% discount is appropriate and

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1 recommends awarding $180.45 in copying costs. The total costs thus would be $1,247.84.

## IV. CONCLUSION

For the reasons stated above, the court **RECOMMENDS** that the district court award costs of $1,247.84 and stay the action until the costs are paid.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an object may waive the right to review of the issue in the district court.

**IT IS SO RECOMMENDED.**

Dated: December 8, 2010

_____
LAUREL BEELER
United States Magistrate Judge

REPORT AND RECOMMENDATION (C 10-00975 SBA (LB))