1
2
3                     UNITED STATES DISTRICT COURT
4                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
5                              OAKLAND DIVISION
6

7  KAMLESH BANGA,                          Case No: C 10-0975 SBA
8          Plaintiff,
                                           **ORDER ACCEPTING REPORT AND**
9     vs.                                  **RECOMMENDATION OF**
                                           **MAGISTRATE JUDGE**
10 FIRST USA, NA and CHASE BANK USA,
11         Defendants.
12
13      This action is one of two cases involving *pro se* Plaintiff Kamlesh Banga and Defendant
14 Chase Bank. The first is Banga v. Experian Information Systems and Chase Bank (erroneously
15 sued herein as First USA) ("Banga I"), Case No. C 08-4147 SBA. The second is the above-
16 captioned action, referred to herein as "Banga II." The complaints in Banga I and Banga II
17 both allege that Defendant violated the Fair Credit Reporting Act by obtaining Plaintiff's credit
18 reports from Experian for "account review purposes" on First USA credit accounts that
19 Plaintiff had already closed. See Banga I First Amended Complaint, Dkt. 31-3 at 5, ¶¶ 19-21;
20 Banga II First Amended Complaint, Dkt. 4 at 3-5, ¶¶ 11-28.
21      Plaintiff dismissed her claims against Defendant in Banga I and, thereafter, filed the
22 same claims and new claims in Banga II in the Eastern District of California. Banga II was
23 transferred here because it contained the same claims as those dismissed in Banga I. See Dkt.
24 23 at 3-5.
25      The Court referred the matter to Magistrate Judge Laurel Beeler for a Report and
26 Recommendation ("R&R") regarding Defendant's motion, brought under Federal Rule of Civil
27 Procedure 41(d), for its costs and attorney's fees incurred in Banga I, and for a stay of this
28 action (Banga II) until Plaintiff pays any awarded costs and fees. Dkt. 31. Rule 41(d)

provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  The court has broad discretion in determining whether to order an award of costs and stay litigation pursuant to Rule 41(d).  See Esquivel v. Arau, 913 F.Supp. 1382, 1386 (C.D. Cal. 1996) (internal citations omitted).

Magistrate Judge Beeler conducted a hearing on Defendant's motion, and on December 8, 2010, issued an R&R in which she recommended that the Court award costs of $1,247.84 and stay the action until Plaintiff pays those costs.  Dkt. 59 at 2.  The cost award consists of the following expenses Defendant incurred in Banga I: $1,067.39 in "Federal Express/Filing" costs and $180.45 in copying costs.  Id. at 9.  However, Magistrate Judge Beeler denied Defendant's request for attorney's fees on the grounds that only costs are recoverable under Rule 41(d), and that even if fees are recoverable, costs are a sufficient sanction under these circumstances.  Id. at 9.

The parties are presently before the Court on Plaintiff's Objections to the R&R, in which she objects to an award of $1,067.39 in "Federal Express/Filing" costs on the following grounds: (1) Federal Express costs are not recoverable because they are not listed as "taxable costs" in 28 U.S.C. § 1920; and (2) Defendant's bill of costs demonstrates that it only incurred $397.34 in Federal Express costs.  Having read and considered the papers submitted, and the file as a whole, the Court OVERRULES Plaintiff's Objections and ACCEPTS the findings and recommendation of the Magistrate Judge, as set forth in the R&R.  The Court, in its discretion, adjudicates the instant matter without oral argument.  Fed.R.Civ.P. 78(b).

I. **LEGAL STANDARD**

A district court judge may refer a matter to a magistrate judge to conduct a hearing, including an evidentiary hearing, and to thereafter issue findings of fact and recommendations for the disposition of the matter.  28 U.S.C. §§ 636(b)(1)(B), (C); Fed.R.Civ.P. 72(b)(1); Civ. L.R. 72-3.  Within fourteen days of service of the proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and

recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); see Fed.R.Civ.P 72(b). The district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Fed.R.Civ.P 72(b)(1); see Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Factual findings are reviewed for clear error. Quinn v. Robinson, 783 F.2d 776, 791 (9th Cir. 1986). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In addition, the Court may consider further evidence or remand the matter to the magistrate judge with instructions. Id.

## II. DISCUSSION

### A. PLAINTIFF'S FIRST OBJECTION

In her first objection, Plaintiff asserts that Federal Express costs are not recoverable under Rule 41(d) because this type of cost is not mentioned in 28 U.S.C. § 1920. Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Put simply, Plaintiff argues that because costs relating to express delivery – including Federal Express – are not specifically enumerated in Section 1920, such costs are not recoverable in this case.

However, Plaintiff fails to provide any authority indicating that an award of costs under Rule 41(d) is limited by the definition of "costs" set forth in Section 1920. Indeed, courts have

consistently allowed defendants to recover express delivery costs under Rule 41(d).  See Aloha Airlines, Inc. v. Mesa Air Group, Inc., 2007 WL 2320672, *7 (D. Haw. Aug. 10, 2007) ("Under Rule 41(d), a party can recover 'reasonable' costs as long as they are not related to work products that can be used in the second action. … Costs recoverable under Rule 41(d) can include telephone costs, research costs, postage and express delivery costs so long as they are not useful to the present action.") (citing Zucker v. Katz, 1990 WL 20171, *3 (S.D. N.Y. Feb. 21, 1990) (finding costs for external messengers and express delivery recoverable under Rule 41(d)); see also Behrle v. Olshansky, 139 F.R.D. 370, 373 (W.D. Ark. 1991) (rejecting argument that costs under Rule 41(d) are limited to those set forth in Section 1920).

Here, the Magistrate Judge specifically found that $1,067.39 in "Federal Express/Filing" costs are not useful in the present action, as they are not related to work product that could be used in this action.  See Dkt. 59 at 9.  Under the authority presented, such costs are recoverable under Rule 41(d).   Therefore, Plaintiff's first objection is overruled.

**B.      PLAINTIFF'S SECOND OBJECTION**

In her second objection, Plaintiff challenges Magistrate Judge Beeler's recommendation to reimburse Defendant for "Federal Express/Filing" costs in the amount of $1,067.39, asserting that the bills submitted by Defendant reveal only $397.34 in such costs.

As noted by Defendant, Plaintiff's calculation ignores costs of $670.05, which Defendant incurred for attempts to serve a deposition subpoena.  Magistrate Judge Beeler's recommended award of $1,247.84 represents a total of $397.34 in Federal Express costs, plus the $670.05 amount for attempted service, plus $180.45 in copying costs.  See Dkt. 59 at 9 (citing Krog Decl., Ex. G at 42-65, Dkt. 31-3).[1]  As indicated above, Magistrate Judge Beeler found that these costs are not useful in the present action, and, therefore, are recoverable under Rule 41(d).  See Dkt. 59 at 9.  The Court finds no clear error in Magistrate Judge Beeler's calculation of a $1,247.84 award.  Moreover, Plaintiff does not provide any legal ground for disallowing the $670.05 amount, independent of her general objection that this type of cost is

---

[1] Magistrate Judge Beeler includes Defendant's $670.05 expense for service costs under the label "Federal Express/Filing," although it does not appear that this expense relates to express delivery.  That said, the mislabeling does not change the Court's analysis.

not mentioned in Section 1920, which the Court overrules.  Also, it should be noted that Plaintiff does not dispute whether this cost was, in fact, incurred by Defendant.  As such, Plaintiff's second objection is overruled.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation, filed on December 8, 2010 (Dkt. 59), is ACCEPTED and shall become the Order of this Court.

2. Within thirty (30) days from the date this Order is filed, Plaintiff shall pay Defendant $1,247.84 in costs and shall file a certificate with this Court confirming payment; this action is stayed in the interim.  Plaintiff is advised that failure to pay within the deadline indicated may result in dismissal of this action, without further notice, under Federal Rule of Civil Procedure 41(b) for lack of prosecution.

3. This Order terminates Dockets 31 and 59.

IT IS SO ORDERED.

Dated: March 15, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BANGA et al,

        Plaintiff,

  v.

FIRST USA, N.A. ET AL et al,

        Defendant.
                                         /

Case Number: CV10-00975 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kamlesh Banga
P.O. Box 6025
Vallejo, CA 94591

Dated: March 16, 2011
                                  Richard W. Wieking, Clerk
                                     By: LISA R CLARK, Deputy Clerk