UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br><br>            Plaintiff,<br><br>   vs.<br><br>FIRST USA, NA and CHASE BANK USA,<br><br>            Defendants. | Case No: C 10-0975 SBA<br><br>Related to:<br>C 08-4147 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Docket 65 |

On December 8, 2010, Magistrate Judge Laurel Beeler issued a Report and Recommendation on Defendant's motion under Federal Rule of Civil Procedure 41(d) for an award of costs in a related action, Banga v. Experian Information Systems and Chase Bank, No. C 08-4147 SBA ("Banga I"). Dkt. 59. Included among the costs sought by Defendant was a $670.05 charge by First Legal for multiple attempts to serve a deposition subpoena on Lal Mardan. See Defs.' Mot. For Costs, Ex. G, Dkt. 31-3 at 61. Magistrate Judge Beeler recommended awarding costs in the amount of $1,247.84, which consisted of 1067.39 in "Federal Express/Filing" costs (which, in turn, included the $670.05 charge), and $180.45 in copying costs. Dkt. 59 at 2. She further recommended staying the action until Plaintiff remitted those costs to Defendant. Id.

Plaintiff filed objections to the Report and Recommendation in which she argued that only $180.45 in copying costs could be awarded. Dkt. 60. On March 16, 2011, the Court issued its Order overruling Plaintiff's objections and accepting the recommendations of Magistrate Judge Beeler. Dkt. 64. The Court specifically warned Plaintiff that her

action would be dismissed under Federal Rule of Civil Procedure 41(b) if she did not tender payment within thirty days. Id.

On March 30, 2011, Plaintiff filed the instant Motion for Reconsideration of Order Accepting Report and Recommendation of Magistrate Judge. The sole basis for her motion is that the Court erred in including the $670.05 charge for the subpoena in its cost award. Plaintiff claims that "she was not aware . . . that Defendant had represented to the Court that it had paid to the process server in serving a subpoena as it was not mentioned in said Recommendation issued on December 10, 2010." Pl.'s Mot. for Reconsideration at 1, Dkt. 65. The actual cost of serving the deposition subpoena--she claims--was only $59.00. Id. at 2.

To seek reconsideration of a court order, the movant must first file a motion for leave to file a motion for reconsideration in accordance with Civil Local Rule 7-9. Local Rule 7-9 states:

> The moving party must specifically show:
>
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
>
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

In violation of the Local Rules, Plaintiff failed to first seek leave of court before filing her motion for reconsideration. On that basis alone, the Court may properly deny Plaintiff's motion. Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Plaintiff's failure to comply with Local Rule 7-9 notwithstanding, the Court finds no merit to her motion for reconsideration. As a threshold matter, Plaintiff has failed to demonstrate excusable neglect for failing to raise the issue sooner. Plaintiff asserts that she is not a registered user on the Court's e-filing system, and therefore, she did not receive a copy of Defendant's response to her objections wherein it mentioned the $670.05 as the cost incurred for unsuccessful attempts to serve the subpoena. See Def.'s Response to Pl.'s Objections at 3, Dkt. 63. However, Plaintiff ignores that the invoice containing the $670.05 charge was included as an exhibit in support of Defendant's Rule 41(d) motion for costs. See Defs.' Mot. for Costs, Ex. G, Dkt. 31-3 at 61. Plaintiff had the opportunity to challenge said amount at the hearing held by Magistrate Judge Beeler and in her objections to Magistrate Judge Beeler's Report and Recommendation. Her failure to do so does not justify her belated attempt to raise the issue in a motion for reconsideration.

Plaintiff's motion for reconsideration also fails on the merits. Plaintiff's allegation that Defendant never paid $670.05 and that the actual cost of serving the subpoena was only $59.00 is entirely unsupported. In fact, the record shows that the cost of serving the subpoena included multiple attempts to serve the deponent, and that Defendant, in fact, paid said amount to the process server, First Legal. See Krog Decl. ¶¶ 3-4, Dkt. 68-1; Malouf Decl. ¶ 2, Dkt. 8-2. Thus, despite Plaintiff's unsubstantiated claims to the contrary, it is clear that Defendant did not misrepresent the $670.05 fee to the Court. In her reply, Plaintiff argues, for the first time, that Defendant could have used a more reasonably priced process server. Pl.'s Reply at 2, Dkt. 69. However, a "district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted). Moreover, Plaintiff's claim that First Legal's charges are excessive is based on the personal opinion of the Plaintiff, who clearly is not competent to offer such an opinion. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Reconsideration is DENIED.

2. Within twenty-one (21) days from the date this Order is filed, Plaintiff shall pay Defendant $1,247.84 in costs and shall file a certificate with this Court confirming payment; this action is stayed in the interim.  Plaintiff is warned that failure to pay within the deadline indicated may result in dismissal of this action, without further notice, under Federal Rule of Civil Procedure 41(b) for lack of prosecution.

3. This Order terminates Docket 65.

IT IS SO ORDERED.

Dated:  March 30, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BANGA et al,

       Plaintiff,

v.

FIRST USA, N.A. ET AL et al,

       Defendant.

                                        /

Case Number: CV10-00975 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kamlesh Banga
P.O. Box 6025
Vallejo, CA 94591

Dated: April 13, 2012

                                   Richard W. Wieking, Clerk

                                        By: Lisa Clark, Deputy Clerk