1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

7
8
9
10
11
12

| | |
|---|---|
| KAMLESH BANGA, | Case No: C 10-0975 SBA |
| Plaintiff, | Related to: C 08-4147 SBA |
| vs. | **ORDER** |
| FIRST USA, NA and CHASE BANK USA, | Docket 77. |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25

On December 8, 2010, Magistrate Judge Laurel Beeler issued a Report and Recommendation on Defendant Chase Bank USA, N.A.'s ("Defendant") motion under Federal Rule of Civil Procedure 41(d) for an award of costs in a related action, Banga v. Experian Information Systems and Chase Bank, No. C 08-4147 SBA ("Banga I"). Dkt. 59. Magistrate Judge Beeler recommended awarding costs in the amount of $1,247.84, which consisted of $1067.39 in "Federal Express/Filing" costs, and $180.45 in copying costs. Dkt. 59. She further recommended staying the action until Plaintiff remitted those costs to Defendant. Id. Plaintiff filed objections to the Report and Recommendation. Dkt. 60. On March 16, 2011, this Court issued an Order overruling Plaintiff's objections and accepting the recommendations of Magistrate Judge Beeler. Dkt. 64. In this Order, the Court specifically warned Plaintiff that her action would be dismissed under Federal Rule of Civil Procedure 41(b) if she did not tender payment within thirty days. Id.

26
27
28

On March 30, 2011, Plaintiff filed a Motion for Reconsideration of Order Accepting Report and Recommendation of Magistrate Judge. Dkt. 65. The sole basis for her motion was that the Court erred in including the $670.05 charge for the subpoena in its cost award.

Id. Plaintiff claimed that "she was not aware . . . that Defendant had represented to the Court that it had paid to the process server in serving a subpoena as it was not mentioned in said Recommendation issued on December 10, 2010." Id. The actual cost of serving the deposition subpoena--she claimed--was only $59.00. Id.

In an Order dated March 30, 2012, this Court denied Plaintiff's motion for reconsideration, directed her to pay Defendant $1,247.84 in costs within twenty-one (21) days, and stayed the action in the interim. Dkt. 76. The Court specifically warned Plaintiff that "failure to pay within the deadline indicated may result in dismissal of this action, without further notice, under Federal Rule of Civil Procedure 41(b) for lack of prosecution." Id.

On May 1, 2012, Plaintiff filed a motion for extension of time to pay costs, requesting an extension of 180 days because she is disabled and unable to work, and her monthly retirement check in the amount of $1,184.32 is her only income. Dkt. 77. According to Plaintiff, she sent a check in the amount of $150.00 to Defendant on April 27, 2012. Dkt. 78. On May 3, 2012, Defendant filed an opposition to Plaintiff's motion, arguing that Plaintiff's "untimely and defective motion for extension of time should be denied," and that the Court should dismiss this action under Rule 41(b) for failure to prosecute and failure to comply with the Court's March 30, 2012 order. Dkt. 80.

The Court finds that Plaintiff has failed to demonstrate that a 180-day extension of time to pay costs is warranted. Plaintiff has been on notice of her obligation to pay Defendant costs since March 16, 2011, the date this Court issued its Order accepting Magistrate Judge Beeler's Report and Recommendation on Defendant's motion under Rule 41(d) for an award of costs. Dkt. 64. Over a year has elapsed since the issuance of this Order. As such, Plaintiff has been given ample time to comply with the Order. While the Court does not countenance Plaintiff's disobedience of its Order or her failure to prosecute this case, which has unreasonably delayed resolution of this action and caused the Court to expend its scarce resources devoted to matters other than the merits of this action, the Court declines to dismiss this action as Defendant requests. In light of this Court's obligation to

1 | consider less drastic alternatives before dismissing an action under Rule 41(b) for failure to
2 | prosecute and/or failure to comply with a court order, see <u>Pagtalunan v. Galaza</u>, 291 F.3d
3 | 639, 642 (9th Cir. 2002), the Court will grant Plaintiff a twenty-one (21) day extension of
4 | time to comply with the Court's Order.  The Court warns Plaintiff that no further extensions
5 | of time will be granted.  Accordingly,

6 |     IT IS HEREBY ORDERED THAT:

7 |     1.    Within twenty-one (21) days from the date this Order is filed, Plaintiff shall
8 | pay Defendant $1,247.84 in costs and shall file a certificate with this Court confirming
9 | payment; this action is stayed in the interim.  Plaintiff is warned that the failure to timely
10 | pay Defendant will result in dismissal of this action under Rule 41(b) for lack of
11 | prosecution and failure to comply with a Court Order.  In the event Plaintiff does not
12 | comply with this Order, Defendant shall notify the Court.

13 |     2.    This Order terminates Docket 77.

14 |     IT IS SO ORDERED.

15 | Dated:  5/17/12

16 |                                    *Saundra B. Armstrong*
17 |                                   SAUNDRA BROWN ARMSTRONG
                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BANGA et al,

        Plaintiff,

 v.

FIRST USA, N.A. ET AL et al,

        Defendant.
_____/

Case Number: CV10-00975 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kamlesh Banga
P.O. Box 6025
Vallejo, CA 94591

Dated: May 17, 2012
                                    Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk