UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KAMLESH BANGA,<br><br>             Plaintiff,<br><br>    vs.<br><br>FIRST USA, NA & CHASE BANK USA, NA and DOES 1 through 10 inclusive,<br><br>             Defendants. | Case No:  C 10-0975 SBA<br><br>**ORDER**<br><br>Docket 87, 88, 100, 103 |

Plaintiff Kamlesh Banga ("Plaintiff") brings the instant action against First USA, NA and Chase Bank USA, NA (collectively, "Chase")[1] alleging violations of the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  The parties are presently before the Court on Chase's motion for judgment on the pleadings and Plaintiff's motion for leave to file an amended complaint.  Dkt. 87, 88.  Also before the Court are Plaintiff's request for "Memorandum-Decision/Statement of Decision; Findings of Fact and Conclusion of Law," and Plaintiff's motion for leave to file supplemental authority.  Dkt. 100, 103.

Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Chase's motion for judgment on the pleadings, GRANTS Plaintiff's motion for leave to file an amended complaint, DENIES Plaintiff's request for "Memorandum-Decision/Statement of Decision; Findings of Fact and Conclusion of Law," and GRANTS Plaintiff's motion for leave to file supplemental

---

[1] According to Chase, it has erroneously been sued as First USA, NA.  See Answer, Dkt. 28.

authority. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

The operative complaint alleges the following facts, which the Court accepts as true for purposes of the instant motion. Plaintiff applied for and received a credit card from Chase "[s]everal years ago." First Am. Compl. ("FAC") ¶ 10. In November 2003, Plaintiff contacted Chase and requested that her account be closed. Id. ¶ 11. As of July 20, 2004, Plaintiff's credit report showed that her credit card account with Chase had been closed. Id.

On August 29, 2007, Plaintiff requested and received a copy of her credit report from Experian Information Solutions ("Experian"). FAC ¶ 10. Upon review of the report, Plaintiff noticed that Chase had accessed her credit report on "several occasions" for "account review" purposes. Id. Plaintiff alleges that Chase obtained her credit report from Experian on numerous occasions over the period August 11, 2004 to January 6, 2008 for "account review" purposes. See id. ¶¶ 11-28.

Plaintiff claims that Chase intentionally misrepresented to Experian that it was requesting her credit reports for "account review" purposes since Plaintiff "had no open account to be 'reviewed' by [Chase] after July 20, 2004." FAC ¶¶ 30, 32. According to Plaintiff, Chase obtained her credit reports under false pretenses and/or for an impermissible purpose in violation of the FCRA and the CCCRAA because Chase had no legitimate business need or purpose for the information in her reports. Id. ¶¶ 1-2, 31-35, 37-39.

## II. DISCUSSION

### A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, a Rule 12(c) motion may be based on either: (1) the lack of a cognizable legal

theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on such a motion, the Court assumes the truth of the facts alleged in the pleadings. Yakima Valley Mem'l Hosp. v. Washington State Dept. of Health, 654 F.3d 919, 925 (9th Cir. 2011). The Court may also consider "facts that 'are contained in materials of which the court may take judicial notice.' " Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999) (quoting Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

### B. Plaintiff's Motion for Leave to File Supplemental Authority

Plaintiff requests leave to file supplemental authority in support of her opposition to Chase's motion for judgment on the pleadings. Dkt. 103. Civil Local Rule 7-3(d) provides that once a reply brief has been filed, "no additional memorandum, papers or letters may be filed without prior Court approval," except that "[i]f new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence. . . ." N.D. Cal. Civ. L.R. 7-3(d). In addition, "counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision. . . ." Id. Here, because Plaintiff seeks to bring to the Court's attention a relevant judicial opinion that was published after her opposition was filed, Plaintiff's motion for leave to file supplemental authority is GRANTED.

### C. Chase's Motion for Judgment on the Pleadings

Chase moves for judgment on the pleadings on two grounds: (1) "the law is settled that obtaining credit information for review of a closed account does not violate the FCRA or the [CCCRAA]"; and (2) Plaintiff is "collaterally estopped to argue otherwise since this issue has been adversely determined [against] her" in two previous decisions. Def.'s Mtn. at 1.

1. **FCRA Claims**

   a. **Failure to State a Claim**

The FCRA is a consumer protection statute which requires consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA provides for civil liability and criminal penalties for those who do not comply with the Act. Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1273 (9th Cir. 1990).

The FCRA imposes civil liability on "any consumer reporting agency or user" which is either negligent or willful in failing to comply with any requirement imposed under the FCRA. 15 U.S.C. §§ 1681n, 1681o. Section 1681q provides that "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses" is subject to criminal penalties. 15 U.S.C. § 1681q. The Ninth Circuit has held that because § 1681q is an explicit requirement of the FCRA, noncompliance with this provision forms the basis for civil liability under § 1681n. Hansen v. Morgan, 582 F.2d 1214, 1221 (9th Cir. 1978). Thus, if a user acquires a credit report under false pretenses in violation of § 1681q, then the consumer may recover civil damages from that user. Id. at 1216.

Section 1681b(f) forbids using or obtaining a credit report unless the report was obtained for a permitted purpose. 15 U.S.C. § 1681b(f)[2]; see Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 674 (9th Cir. 2010) (the FCRA permits credit reporting agencies to furnish credit reports only for "certain statutorily enumerated purposes"). Section 1681b

---

[2] Under the FCRA, "[a] person shall not use or obtain a consumer report for any purpose unless—(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified . . . by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f).

provides the permissible purposes for which a person may use or obtain another individual's credit report. 15 U.S.C. § 1681b.

The statutory limitation on obtaining a credit report is particularly relevant here as Plaintiff alleges that Chase did not obtain her credit reports for a permissible purpose. Chase disagrees, arguing that it had a permissible purpose in obtaining Plaintiff's credit reports. According to Chase, "obtaining a credit report on a consumer whose account is closed is neither a willful nor negligent violation of the FCRA." Def.'s Mtn. at 7. In support of its position, Chase cites § 1681b(a)(3)(A), which provides that any consumer reporting agency may furnish a consumer report to a person which it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or *review or collection of an account* of, the consumer." 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

The Court finds that Chase has failed to demonstrate that judgment on the pleadings is appropriate. As an initial matter, the text of the statute does not expressly provide that a creditor is permitted to obtain the credit report of a consumer with a closed account simply because the consumer had an open account at one time with the creditor. 15 U.S.C. § 1681b. Moreover, Chase has not cited any authority supporting its contention that the statute permits a creditor to obtain a credit report on a consumer whose account is closed regardless of the creditor's purpose for obtaining the report. Def.'s Mtn. at 7. In support of its position, Chase relies on Levine v. World Financial Network Nat'l Bank, 554 F.3d 1314, 1318 (11th Cir. 2009) and Wilting v. Progressive County Mut. Ins. Co., 227 F.3d 474, 476 (5th Cir. 2000). Chase's reliance on these cases is misplaced.

In Levine, the Eleventh Circuit considered whether a consumer reporting agency willfully violated the FCRA when the agency sold a credit report to a creditor for "account review" after the consumer had closed his account with that creditor. Levine 554 F.3d at 1316. There, the Eleventh Circuit concluded that because the FCRA was unclear with respect to whether the sale of credit reports for consumers whose accounts are closed for

"account review" was a permissible purpose for accessing a credit report, the credit reporting agency did not act objectively unreasonable to trigger liability for a willful violation of the FCRA.  Id. at 1318-1319.

Levine is distinguishable from the present case.  Here, Chase is not a credit reporting agency that sold a credit report to a creditor for "account review" purposes.  Rather, Chase is a former creditor of Plaintiff that requested Plaintiff's credit report from a credit reporting agency (i.e., Experian) on numerous occasions, ostensibly for "account review" purposes.  Thus, this case does not involve the issue of whether a credit reporting agency willfully violated the FCRA by releasing credit reports to a creditor for "account review" purposes.  Instead, this case involves, among other things, whether a creditor (i.e., Chase) requested and obtained Plaintiff's credit reports from a credit reporting agency for an impermissible purpose under the FCRA.  Levine does not hold that the FCRA permits a creditor to obtain a credit report on a consumer who previously had an open account with the creditor regardless of the creditor's purpose for obtaining the report.

Wilting is also distinguishable from the present case.  There, the Fifth Circuit considered whether a former creditor of Plaintiff, Ameritech Corporation ("Ameritech") violated the terms of a settlement agreement and the FCRA by obtaining plaintiff's credit report after plaintiff's account was closed.  Wilting, 227 F.3d at 475-476.  The settlement agreement arose out of a dispute regarding plaintiff's final Ameritech telephone bill.  Id. at 475.  Plaintiff commenced a lawsuit against Ameritech, which was later settled.  Id.  As part of the settlement, Ameritech promised that no information regarding plaintiff's telephone account would be reported to any credit reporting agency or bureau.  Id.  Ameritech subsequently obtained a copy of plaintiff's credit report, which revealed that two collection agencies employed by Ameritech had failed to remove information concerning plaintiff's telephone account.  Id.  Ameritech contacted the collection agencies and requested that they remove this information from plaintiff's credit report.  Id.  After plaintiff discovered that Ameritech had accessed his credit report, he filed suit alleging that Ameritech unlawfully obtained his credit report.  Id.

- 6 -

The Fifth Circuit concluded that "[p]ursuant to the settlement agreement, Ameritech clearly had a legitimate business need [within the meaning of the FCRA] to obtain [plaintiff's] credit report and make certain that no adverse notations appeared on the report." Wilting, 227 F.3d at 476. In reaching the conclusion that Ameritech permissibly obtained plaintiff's credit report under the FCRA, the court stated as follows:

> We note that neither the Act nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship. Moreover, although [plaintiff] had terminated telephone service at the time in question, Ameritech obtained the credit report to comply with the settlement agreement by ensuring that no adverse notations relative to business dealings between the parties remained on [plaintiff's] credit report. The settlement agreement related directly to [plaintiff's] Ameritech account. There was simply no other way for Ameritech to abide by the agreement and remove any adverse references from [plaintiff's] account than by checking a credit report.

Id.

Wilting does not support Chase's contention that Plaintiff's FCRA claims fail as a matter of law. In Wilting, the court merely noted that neither the plain text of the FCRA nor the FTC's commentary on the FCRA "suggests" that a credit report "may only be permissibly obtained during particular points in the parties' relationship." Wilting does not address the circumstances under which a creditor may permissibly obtain a credit report on a consumer whose account is closed. Nor does Wilting hold or suggest that it is always permissible for a creditor to obtain a credit report on a consumer with a closed account.

### b. Collateral Estoppel

Chase contends that the doctrine of collateral estoppel precludes Plaintiff from litigating the issue of whether "it is [a] violation of the FCRA for the holder of a closed account to obtain a credit report on a consumer." Def.'s Mtn. at 8. According to Chase, Plaintiff has "litigated this issue twice in the Northern District of California and lost on both occasions." Id. at 5. In support of its position, Chase cites summary judgment orders issued in Banga v. National Credit Union Administration, et al., 08-3015 MMC (N.D. Cal. Oct. 6, 2009) and Banga v. Experian Information Solutions, et al., 08-4147 SBA (N.D. Cal. March 18, 2010).

The doctrine of collateral estoppel prevents the relitigation of an issue previously argued and resolved in a prior proceeding. Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000). Federal law controls the collateral estoppel analysis where a federal court has decided the earlier case. See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004).

A prior court decision will have preclusive effect under the doctrine of collateral estoppel where: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. Hydranautics, 204 F.3d at 885. The party asserting collateral estoppel bears the burden of showing what the prior judgment determined. Id.

The Court finds that Chase has failed to sustain its burden to demonstrate that Plaintiff's FCRA claims are barred by the doctrine of collateral estoppel. Chase has not shown that the issue necessarily decided in the previous proceedings is identical to the one which is sought to be litigated by Plaintiff in this action. As an initial matter, Chase has failed to properly identify the issue decided in the previous proceedings. According to Chase, Plaintiff is "collaterally estopped to contend that obtaining a credit report on a consumer whose account is closed is a violation of the FCRA." Def.'s Mtn. at 8.[3] However, neither of the cases cited by Chase made a legal determination that it is permissible under the FCRA for a creditor to obtain a credit report on a consumer with a closed account regardless of the purpose for obtaining the report. A review of the summary judgment orders cited by Chase reveals that both district court judges concluded that a creditor did not violate the FCRA when it obtained a consumer's credit report for "account

---

[3] Chase asserts that "[t]he precise issue in the present case - whether it is a violation of the FCRA for the holder of a closed account to obtain a credit report on a consumer - was previously and actually litigated by [Plaintiff]" in two previous cases in this district. Def.'s Mtn. at 8.

- 8 -

review" purposes after the consumer's account was closed.  In reaching this conclusion, the respective judges made a factual determination based on the evidence before each Court that the credit reports were obtained for "account review" purposes.  However, neither judge made a legal determination that it is always permissible under the FCRA for a creditor to obtain a creditor report on a consumer with a closed account as Chase suggests.

The issue of whether Chase obtained Plaintiff's credit reports on the dates alleged in the FAC for a permissible purpose under the FCRA was not litigated in a prior proceeding.  Moreover, a review of the FAC reveals that Plaintiff does not seek to litigate the legal issue of whether a creditor violates the FCRA when it obtains a credit report for "account review" purposes after a consumer's account is closed.  The FAC does not simply allege that Chase violated the FCRA by obtaining Plaintiff's credit report for "account review" purposes after her account was closed.  Instead, the FAC alleges that Chase "intentionally misrepresented" to Experian that it was requesting Plaintiff's credit reports for "account review" purposes since Plaintiff "had no open account to be 'reviewed' by [Chase] after July 20, 2004."  FAC ¶¶ 30, 32.  According to Plaintiff, Chase obtained her credit reports without her consent under false pretenses and/or for an impermissible purpose in violation of the FCRA and the CCCRAA because Chase had no legitimate business need or purpose for the information in her reports.  Id. ¶¶ 1-2, 31-35, 37-39.

Viewing the allegations in the FAC in the light most favorable to Plaintiff, a factual dispute exists regarding Chase's purpose for obtaining Plaintiff's credit reports after her account was closed.  Plaintiff disputes Chase's claim that it obtained her credit reports for "account review" purposes.  While Plaintiff does not specify Chase's purpose for obtaining her credit reports, she expressly alleges that Chase intentionally misrepresented to Experian that its purpose for obtaining her reports was for "account review."

Accordingly, because Chase has failed to demonstrate that Plaintiff seeks to relitigate an issue that is identical to an issue that was necessarily decided in a previous proceeding against Plaintiff, the doctrine of collateral estoppel does not bar Plaintiff's FCRA claims.

### c.     Conclusion

For the reasons stated above, the Court concludes that Chase has failed to demonstrate that judgment on the pleading is appropriate.  Chase has not demonstrated that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law on Plaintiff's FCRA claims.  Nor has Chase shown that Plaintiff's FCRA claims are barred by the doctrine of collateral estoppel.  Accordingly, Chase's motion for judgment on the pleadings on Plaintiff's FCRA claims is DENIED.

### 2.     CCCRAA Claims

Chase argues that Plaintiff's CCCRAA claims are barred as a matter of law because the statute provides that " 'review or collection of an account' is a permissible purpose for obtaining a credit report, without distinguishing between open and closed accounts." Def.'s Mtn. at 9.  While Chase acknowledges that "[t]here are no California cases addressing this issue," it argues that because the operative language in the CCCRAA is identical to the language in the FCRA, the CCCRAA should be interpreted the same way as the federal statute." Id.  According to Chase, Plaintiff's CCCRAA claims fail as a matter of law. Id.

The Court rejects Chase's conclusory argument.  Chase has failed to provide any authority or legal analysis establishing that judgment as a matter of law is appropriate.  Accordingly, because Chase's argument is unsupported, it lacks merit.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").  Chase's motion for judgment on the pleadings as to Plaintiff's CCCRAA claims is therefore DENIED.

### D.     Plaintiff's Motion for Leave to Amend

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2).  Rule 15 "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and

internal quotation marks omitted).  Of these factors, prejudice "carries the greatest weight." Eminence Capital, 316 F.3d at 1052.  The party opposing the amendment carries the burden of showing why leave to amend should not be granted.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  The decision to grant or deny a request for leave to amend rests in the discretion of the trial court.  See Cal. v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

      Plaintiff seeks leave to amend the FAC to add facts in support of her FCRA and CCCRAA claims, including allegations that Chase obtained her credit report on certain dates that are not alleged in the FAC.  Dkt. 88.  In response, Chase concedes that Plaintiff's proposed second amended complaint and the FAC are "essentially identical."  Dkt. 98. Nonetheless, Chase opposes Plaintiff's motion on the grounds that the amendment is futile and that it would be prejudiced if leave to amend is granted because the proposed second amended complaint fails for the same reasons as the FAC.  Id.  However, because Chase has failed to show that judgment on the pleadings is appropriate, Chase has not carried its burden to demonstrate that leave to amend should not be granted.  Accordingly, Plaintiff's motion for leave to file a second amended complaint is GRANTED.

### E. Plaintiff's Request For "Memorandum-Decision/Statement of Decision; Findings of Fact and Conclusion of Law"

      Plaintiff requests the Court issue an order that determines whether Chase has willfully or negligently obtained her credit reports in violation of the FCRA and CCCRAA. See Dkt. 100. Plaintiff's request is procedurally improper.  Plaintiff did not file a properly noticed motion.  Generally, any written request to the Court for an order must be presented by a duly noticed motion pursuant to Civil Local Rule 7-2.  See Civ. L.R. 7-1 (listing exceptions to the filing of a noticed motion).  Under Civil Local Rule 7-2, unless otherwise permitted, "all motions must be served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion."  A motion must contain, among other things, "notice of the motion, including date and time of hearing" in the first paragraph.  Civ. L.R. 7-2(b).  A motion that fails to comply with the

Court's Local Rules need not be considered by the Court. See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules). The fact that Plaintiff is pro se does not alter the analysis, as she remains obligated to comply with the same rules as a represented party. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

    Moreover, even if the Court were to consider Plaintiff's request on the merits, Plaintiff has failed to offer any authority or evidence in support of the relief requested. Indeed, Plaintiff's less than one-page "request" does not provide a factual or legal basis for the Court to determine whether Chase has violated the FCRA or the CCCRAA. Accordingly, Plaintiff's request for a "Memorandum-Decision/Statement of Decision; Findings of Fact and Conclusion of Law" is DENIED.

## III.   **CONCLUSION**

    For the reasons set forth above, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's motion for leave to file supplemental authority is GRANTED.

    2.    Chase's motion for judgment on the pleadings is DENIED.

    3.    Plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff shall file her proposed amended complaint within seven (7) days from the date this Order is filed.

    4.    Plaintiff's request for a "Memorandum-Decision/Statement of Decision; Findings of Fact and Conclusion of Law" is DENIED.

    5.    This Order terminates Docket 87, 88, 100 and 103.

    IT IS SO ORDERED.

Dated: March 29, 2013

                                   *Saundra B Armstrong*
                                   SAUNDRA BROWN ARMSTRONG
                                   United States District Judge