UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| KAMLESH BANGA,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST USA, NA & CHASE BANK USA, NA and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No: C 10-0975 SBA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Docket 187 |
|---|---|

The parties are presently before the Court on pro se Plaintiff Kamlesh Banga's ("Plaintiff") motion for leave to file a motion for reconsideration. Dkt. 187. Chase Bank USA, NA (collectively, "Chase")[1] opposes the motion. Dkt. 192. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **DISCUSSION**

Pursuant to Civil Local Rule 7-9, Plaintiff seeks leave to file a motion for reconsideration of the Court's order granting summary judgment in favor of Chase. In this district, parties are required to request leave prior to moving for reconsideration of an *interlocutory order*. Civil L.R. 7-9(a) (emphasis added). Such a request must be made "[b]efore the entry of a judgment adjudicating all of the claims and the rights and

---

[1] It is undisputed that Chase is the successor-in-interest of First USA, NA.

liabilities" of the parties in the case. Id. Here, the Court's summary judgment order was not an "interlocutory order."[2] Rather, it was a final order adjudicating all of the claims and the rights and liabilities of the parties. Accordingly, Plaintiff's motion is subject to denial as procedurally defective. However, in light of Plaintiff's pro se status, the Court will construe Plaintiff's motion as a motion for reconsideration of a final judgment.

Where there has been a final judgment, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-899 (9th Cir. 2001). A motion for reconsideration is treated as a Rule 59(e) motion if it is filed within twenty-eight days of entry of judgment. See id. (applying Rule 59(e)'s previous ten-day filing deadline). If the motion is filed more than twenty-eight days after entry of judgment it is treated as a Rule 60(b) motion. See id. at 899. Here, because Plaintiff filed the instant motion within twenty-eight days of entry of judgment, the Court treats it as a Rule 59(e) motion to alter or amend the judgment.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). However, relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." Id. A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008).

---

[2] An interlocutory order is "[a]n order that relates to some intermediate matter in the case; any order other than a final order." Black's Law Dictionary (9th ed. 2009).

      The Court finds that Plaintiff has failed to demonstrate that relief is warranted under Rule 59(e).  Plaintiff has not identified any newly discovered evidence or cited any authority demonstrating that there has been an intervening change in controlling law.  Nor has Plaintiff shown that the Court's summary judgment order rests upon manifest errors of law or fact or that relief is otherwise appropriate to prevent manifest injustice.  To the extent Plaintiff contends that reconsideration is warranted because the Court's summary judgment order is inconsistent with the Court's order denying Chase's motion for judgment on the pleadings, the Court disagrees.  Contrary to Plaintiff's contention, the Court has not made contradictory legal determinations.  Moreover, even assuming for the sake of argument that the Court has done so as Plaintiff claims, Plaintiff has not demonstrated that the Court's summary judgment order (i.e., the order she seeks relief from) rests upon manifest errors of law.  Accordingly, because Plaintiff has not shown that the extraordinary remedy provided by Rule 59 is warranted, Plaintiff's motion for reconsideration is DENIED.

## II.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     Plaintiff's motion for reconsideration is DENIED.

2.     This Order terminates Docket 187.

IT IS SO ORDERED.

Dated: 7/15/2014

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge